# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
Fort Worth



## Motion under 28 U.S.C. §2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody

| **Name of Movant** | **Inmate Number** | **Criminal Docket Nos** |
|---|---|---|
| Christopher Kalejaiye Ajayi | Federal Register 09833-509 | 4:20-CR-00290-O(06) |

Judge: Honorable Reed O'Connor, District Judge

Confinement:

FCI BASTROP
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1010
BASTROP, TX 78602

UNITED STATES OF AMERICA vs. CHRISTOPHER KALEJAIYE AJAYI

Northern District of Texas

Judgment of Conviction was July 9, 2021

Length of Sentence is 151 Months

Nature of Offense(s): Conspiracy to Dispense and Distribute Controlled Substances

Plea: Guilty by Trial

I was called to the stand by my attorney

This case was appealed: Case #: 21-40157. The 5th Circuit Affirmed the District Court Ruling

No other petitions, applications, or motions have been filed in any court.

1

**Facts**

I come before the Court based on undeniable evidence that my legal counsel, Mr. John Helms, was Ineffective in his representation of me throughout the legal proceedings. He failed to describe the entire history of my career, how I came to be involved in the Remcare business, and how I was deceived by the illegal actions of Dr. Capistrano. He failed to emphasize the fact that throughout my entire 40 + year career I had never been accused, reprimanded, or otherwise implicated of any illegal actions by the DEA or State Board of Pharmacy, thus arguing that the current charges were highly uncharacteristic of my sterling reputation and long-established legal actions. He allowed the prosecution to draw incorrect conclusions and establish false evidence for the jury to base its conclusion upon. I base my assertion of Ineffective Counsel on the following facts:

1. He did not demonstrate basic knowledge of Drug Classification, Uses, and Effects of the drugs in question. He made no effort to research and learn the needed facts that would have enabled him to effectively argue the salient points against the accusations made by the prosecution.
2. At trial, counsel never sought expert knowledge of a medical professional, such as a pharmacologist, medical doctor, or other appropriate expert witnesses to counter the incorrect testimony of the prosecution's "expert witnesses." These included a medical doctor, a college professor, two security agents, and a DEA agent. This oversight led directly to the negative outcome of my case. During the sentencing hearing process, he did employ character witnesses, which was at a point when jurors had already reached a verdict that viewed me as a drug dealer rather than the honest, professional pharmacist that I was.
3. Helms chose to not object to the sentence guideline calculation, verified in the PSR, that added eight points to the base offense level based on the prosecution's assertion that I participated in a controlled substance scheme, rather than only participating in unlawful dispensing of the drugs in question.
4. My Counsel failed to argue the fact that all medications in question were not prescribed outside the scope of professional practice.
5. Helms further failed to pursue a subpoena for the records of Dr. Capistrano. This was essential in that records for all pharmacies that serviced or filled his prescriptions would have been exposed to the scrutiny that I was subjected to. And, these records would have included pharmacies beyond the parameters of only those who were foreign-based.
6. Helms also failed to object to the fact that co-conspirator testimony not presented during the trial was allowed as evidence for the jury to consider. This allegation was directly related to the old Remco Pharmacy that was closed in 2017 after I was shot four times.
7. The judge asked Attorney Helms if he had reviewed the Presentence Investigation Report to which he responded that he had done so. This is an absolutely false statement as Mr. Helms never discussed or reviewed this document with me.
8. Early on in my defense, and again prior to sentencing, Helms assured me that the sentence would not exceed five years. Obviously, he was out of touch with what

the prosecution and judge had in mind and was content with whatever the prosecution's actions were. When asked at sentencing if the defense had any objections, he responded with an emphatic "no." This capsulated a series of steps and actions by Helms that clearly demonstrated his unwillingness to fight for me and object to the manner in which the prosecution proceeded uninhibited in its quest to obtain a guilty verdict and extreme punishment.

In sum, Helms did not fight for me. He did not object to accusations and assertions promoted by the prosecution. He did not argue the calculation of my sentence guideline range, which was clearly flawed, nor did he object to the sentence that was rendered. He also failed to initiate a key subpoena to obtain records that would have demonstrated evidence absolutely essential to my cause. He did not challenge the use and interpretation of the Remco records that distorted the facts from prior history. And, in the process of keeping me aware of how the prosecution proceeded with claims against me, advising me of the positions taken by the prosecution, and reviewing key documents critical to my defense, despite his assurance to the judge that he informed and reviewed this information with me, he clearly did not do so. Mr. Helms failed in every aspect of my defense and allowed an undeserving verdict and sentence to be imposed upon me.

**Procedural History**

I was sentenced based on five counts:

**Count 1**

21 U.S.C. §846 (21 U.S.C. §§ 841 (a)(1) and (b)(1)(C). Conspiracy to Dispense and Distribute or Possess with Intent to Dispense and Distribute Hydrocodone.

**Count 2**

21 U.S.C. §846 (21 U.S.C. §§ 841 (a)(1) and (b)(1)(E)(2)). Conspiracy to Dispense and Distribute or Possess with Intent to Dispense and Distribute Carisoprodol.

**Count 3**

21 U.S.C. §846 (21 U.S.C. §§ 841 (a)(1) and (b)(1)(E)(3)). Conspiracy to Dispense and Distribute or Possess with Intent to Dispense and Distribute Promethazine with Codeine.

**Counts 8 & 9**

21 U.S.C. §§ 841 (a)(1) and (b)(1)(C), (E)(2); and 18 U.S.C. § 2. Possession with Intent to Distribute and Dispense Hydrocodone or Carisoprodol; Aiding and Abetting.

# My Counsel was Constitutionally Ineffective

To prove that counsel was ineffective, I must show that John Helm's performance was deficient and that I suffered prejudice from the deficient performance.

*Strickland v. Washington*, 466 U.S. 668 (1984), governs the determination of ineffectiveness at trial, sentencing, and appeal. Counsel's assistance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The Fifth Circuit has described that standard as requiring that counsel "research relevant facts and law." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999)). "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Id.* At no time were the prosecutor or the prosecutor's witnesses challenged regarding the facts as I described them. At no time did defense counsel attempt to acquire available evidence that was essential to my cause.

To prove prejudice, "the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). Proof that a lesser sentence would have been imposed absent counsel's error is sufficient, as "any amount of actual jail time has Sixth Amendment significance," *Glover v. United States*, 531 U.S. 198, 203 (2001), which constitutes prejudice for purposes of the *Strickland* test.

### A. My Counsel was Ineffective for not Properly Informing Me of the Consequences of the Guilty Plea vs. Trial Risk

Helms did not challenge the prosecution on the basic facts and allowed the false testimony to be entered into the jury decision and the sentencing formula. I was never advised as to the potential risk and sentencing possibilities that could occur by taking the case to trial under his plan as opposed to accepting a plea agreement offer. Had Helms argued as he had promised, I very likely would have received consideration from the Court. One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty. An attorney fulfills this obligation by informing the defendant about the relevant circumstances and the likely consequences of a plea vs. a trial. Thoroughly informing a defendant about his exposure under the sentencing guidelines is a necessary part of this process ... "Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005) It is submitted that Helms rendered ineffective assistance by inducing me to not accept a plea agreement and leading me to believe that he would win the case for me at trial. Specifically, Counsel stated that he would aggressively argue my actions and the relative facts attached to what actually occurred, but Helms chose to not act in this manner. An attorney's failure to properly inform the client about his sentencing exposure

4

may constitute ineffective assistance. See *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir.1995) ("[f]ailing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*"). See also *United States v. Ridgeway*, 321 F.3d 512, 514 (5th Cir. 2003) ("By grossly underestimating the defendant's sentencing exposure . . ., counsel breaches his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable." ). Helms never bothered to inform me of the consequences that I might face should he not be successful with his strategy. Further, he chose not to engage in the defense process thus, leaving my exposure to a guilty verdict at an assured level. It is simply ludicrous to believe that I, or any other defendant, would ever agree to go to trial if they did not believe, quite reasonably, that the attorney would be successful. If Helms had explained that his approach had a strong possibility of failing and the consequences of such would be devastating or explained that he did not intend to fight on my behalf by entering appropriate cross-examination or objections, there is no doubt I would have opted for a plea agreement arrangement. Thus, it can be said there is a strong probability that if not for counsel's errors the proceedings would have been different and I "would accepted the plea agreement and would not have gone to trial."

## B. My Counsel was Ineffective at Sentencing for failing to object to the use of the Relevant Conduct.

Helms should have been aware that the prosecutor would parade numerous witnesses before the court who would be well rehearsed and give damaging testimony, much of which would be untrue and/or damaging to me. I continually urged him to object to a wide array of responses, but he simply let all these statements go on record. Had Helms raised objections to the relevant conduct of the prosecutor and statements given in testimony, the government would have then been obligated to prove by a preponderance of the evidence that the charges were valid and that no coercion or promises had occurred. The Court simply sentenced me on the basis of the relevant conduct enhancements and undisputed statements since Helms failed to object or cross-exam. None of the defense witnesses that I had identified were called. His position on this matter was one of indifference. When he had the chance to cross-examine, he asked few innocuous questions and sat down. The promise that he would argue my case was non-existent and had no beneficial impact (for me) on the jury. As a result of his actions, my side of the story was not presented to the jury.

It is well settled that at sentencing, the district court is required to resolve specifically disputed issues of fact if it intends to use those facts as the basis for its sentence. *United States v. Ponce*, 917 F.2d 841, 842 (5th Cir. 1990). The sentencing guidelines also explicitly require that the sentencing court resolve disputed sentencing factors, regardless of whether the court ultimately determines that departure from guidelines is warranted. *United States v Burch*, 873 F2d 765 (5th Cir. 1989). It is submitted that reasonably competent counsel would have been aware of the well-established precedent of the Fifth Circuit that if counsel would have objected to the prosecutor's assertion then the District Court is then required to address a defendant's objections. Helms demonstrated a

complete lack of familiarity with the Guidelines. There can be no sound strategy for counsel's failure to object to the use of the relevant conduct. Where defense counsel fails to object to an improper level of understanding and agreement under the Sentencing Guidelines, counsel has rendered ineffective assistance. *Jansen v. United States*, 369 F.3d 237, 244 (3rd Cir. 2004). See also *Trass v. Maggio*, 731 F.2d 288, 293 (5th Cir. 1984) (holding that ignorance of relevant law constitutes an "identifiable lapse in constitutionally adequate representation"). There was simply little or no evidence supporting the government's case had Helms objected to, cross-examined the prosecution's witnesses, or took the time to acquire essential information supporting my actions.

In the circumstances of this case, Helms's failure to object to the use of relevant conduct at the time of sentencing must be deemed to constitute ineffectiveness. It is obvious that Helms was not employing any strategy when he failed to object to the relevant conduct and had I understood the nuances of the United States Sentencing Guidelines I would have requested that Helms object to the rendered sentence. However, I did not understand the inner workings of the Guidelines and Helms never explained any of the issues regarding how the relevant conduct would result in a prison sentence of this magnitude.

As previously mentioned, Helms did not file any written objection, nor did he make any oral objections to the use of the relevant conduct at the sentencing hearing nor did he attempt to mitigate the testimony offered by the prosecution. Had Helms raised the issue at sentencing, even if it were rejected by the Court, the issue would have at least been preserved for appellate review. Accordingly, it is submitted that reasonable counsel would have brought the relevant conduct objection to the attention of the sentencing court and if not for counsel's failure to object, the outcome at sentencing would have been different.

### C. I Suffered Prejudice Due to Trial Counsel's Ineffectiveness.

To prove prejudice, "the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"

*United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2001) (quoting *Strickland United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2001) (quoting *Strickland*, 466 U.S. at 694). It is clear that, but for counsel's unreasonable failure to object to the prosecutor's stance, I would have at the very least had an opportunity to obtain a lesser sentence. Further, but for counsel's unreasonable failure to object to testimony and refusal to review the provided written material available for my defense, I would have at the very least had an opportunity to obtain a lesser sentence. And, of course, "any amount of actual jail time has Sixth Amendment significance," *Glover v. United States*, 531 U.S. 198, 203 (2001), which constitutes prejudice for purposes of the *Strickland* test. See, e.g., *United States v.*

6

*Franks,* 230 F.3d 811, 815 (5th Cir. 2000) (three extra months equals prejudice). I am quite aware that conclusory assertions of prejudice are insufficient to satisfy the second prong of *Strickland,* see *Kinnamon v. Scott,* 40 F.3d 731, 735 (5th Cir.1994), however, *Glover* makes clear that any additional jail time can be prejudicial. It is submitted that Helms's performance during the trial and at sentencing did not fall within the "wide range of reasonable professional assistance." See *Strickland v. Washington,* 466 U.S. 668, 689 (1984). Because a reasonably competent attorney would have objected to an improper relevant conduct situation and would have raised appropriate objections during testimony and would have delivered strong cross-examination during testimony, counsel's performance fell below an objective standard of reasonableness. See *Strickland,* 466 U.S. at 687. Had the Court sustained such an objection to relevant conduct, or testimony, a revised sentencing range would have provided for a sentence of significantly less time. See *U.S. Sentencing Guidelines Manual* (2006 ed.). Again, as *Glover* clearly teaches, any amount of extra time in prison can constitute prejudice. In addition, it is submitted that Helms was constitutionally deficient with respect to his "consultation" under *Roe* and that prejudice resulted to me as a result of such. In sum, my attorney provided ineffective assistance, and I was prejudiced as a result.

**Conclusion**

My counsel failed to object to the process utilized by the prosecution to obtain testimony against me, failed to obtain evidence pertinent to my defense arguments, and ultimately failed to establish a proper sentence guideline range. Despite his assurance of a much lesser sentence, he failed to object to the rendered sentence following the sentencing hearing. My counsel's representation fell below the reasonable standard of reasonableness, and the ineffective assistance of counsel caused me substantial prejudice. I should be afforded the relief I now seek. My sentence should be vacated and I should be sentenced anew.

I declare under penalty of perjury that the foregoing eight pages is true and correct. Executed on

10/25/2023
Date

Signature of Movant

7

Mr. Christopher Ajayi
Reg # 09833-509
FCI Bastrop – Satellite Camp
PO Box 629
Bastrop, TX 78602



United States District Court
Karen Mitchell, Clerk of Court
501 West 10th Street, Room 310
Fort Worth, TX 76102-3673

LEGAL MAIL